BROTHER JONATHAN, The (McCREADY v.). See Case No. 8,732a.

---

## Case No. 1,968.

### The BROTHERS.

[10 Ben. 400.][1]

District Court, S. D. New York. April Term, 1879.

REVISED STATUTES — CONSTRUCTION — SEAMEN— WAGES — SHIPPING COMMISSIONER —VESSEL IN WEST INDIA TRADE—TENDER—COSTS.

1. While, in the construction of the Revised Statutes of the United States, the presumption is against an intention to change the law, yet where the language used in the revision cannot possibly bear the same construction as the revised and repealed act, full effect must be given to the new enactment.

2. The master of a vessel, which had returned to New York from a voyage from Philadelphia to ports in the West Indies and thence to New York, offered to a sailor the amount of wages due him. There was a difference of $2 between the amount offered and the amount claimed. The sailor refused to receive the amount offered and claimed that the wages should be paid in the presence of the shipping commissioner, and filed a libel against the vessel. On the trial the court found that the amount due was the sum offered. It was claimed for the sailor that under sections 4504 and 4549 of the Revised Statutes of the United States the offer of the money was inoperative as a tender: Held, that under those sections it was not incumbent on the master of this vessel to pay the sailor in the presence of the shipping commissioner of the port.

3. The tender was good; and, although it had not been kept good by the payment of the amount into court under rule 72, the suit being unnecessary and the difference between the parties trifling, no costs would be allowed to the libellant.

In admiralty.

Henry Heath, for libellant.
Wm. W. Goodrich, for claimants.

CHOATE, District Judge. This is a suit for seaman's wages. The answer admits that the sum of $65.57 is due, and at the time of filing the answer that sum was paid into the registry of the court. I am satisfied by the evidence, that although the libellant claims that there is an error of about two dollars, this is the true amount of his wages due. It was tendered to the libellant before the suit was brought, but he refused to receive it, and claimed that the wages should be paid in the presence of the shipping commissioner. Libellant's counsel now claims that the case is within Rev. St. § 4549, which provides that: "All seamen discharged in the United States from merchant vessels engaged in voyages from a port in the United States to any foreign port, or, being of the burden of seventy-five tons or upwards, from a port on the Atlantic to a port on the Pacific, or vice versa, shall be discharged and receive their wages in the presence of a duly authorized shipping commissioner, except in cases where some competent court otherwise directs." This voyage was from Philadelphia to ports in the West Indies and thence to New York. By Rev. St. § 4504, it is provided: "That nothing in this title, however, shall prevent the owner, consignor or master of any vessel, except vessels bound from a port in the United States to any foreign port other than vessels engaged in trade between the United States and the British North American possessions, or the West India Islands, or the Republic of Mexico, and vessels of the burden of seventy-five tons or upward, bound from a port on the Atlantic to a port on the Pacific, or vice versa, from performing himself, so far as his vessel is concerned, the duties of shipping commissioner, under this title." Section 4549 is in the same title of the Revised Statutes with section 4504. It is insisted by the libellant's counsel, that the case is within section 4549, and therefore that the alleged tender was inoperative and a nullity, being in fact an illegal act—an attempt to pay off a seaman in violation of section 4549—and that this section is to be regarded as qualifying section 4504, so that as regards the discharge and payment of seamen it creates an implied exception in the operation of section 4504 as applied to a voyage between the United States and the West Indies. But I can see no difficulty in construing the two sections together and giving to both full force. Section 4504 makes a master or owner of vessels bound on certain voyages, including the present one, a duly authorized shipping commissioner within the meaning of section 4549. The terms of section 4504 are too explicit to be explained away, or to admit of an implied exception by reason of anything contained in section 4549, and I think, therefore, that for a voyage between the United States and the West Indies the crew may be paid off by the master elsewhere than in the presence of a shipping commissioner other than himself. That these provisions are somewhat different in the Revised Statutes from what they were in the statutes revised and repealed, does not, I think, furnish any reason for not giving to them this construction, since they apparently admit of no other construction, and especially by no possibility do these sections admit such a construction as will restore them to their former reading. While in the construction of the Revised Statutes, the presumption is against an intention to change the law, yet where the language used in the revision cannot possibly bear the same construction as the revised and repealed act, full effect must be given to the new enactment. The tender was therefore good. It has not, however, been kept good, conformably to the 72d rule of this court, which requires the money to be paid into court, before answer, plea, or claim filed. It is not

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

available, therefore, as a complete tender for all purposes, but as the costs are in the discretion of the court, and this suit was brought after a tender and was unnecessary, the difference between the parties, if any, being very trifling, the libellant will recover no costs.

Decree for libellant for $65.57.